Thomas M. Grasso
**CASEY & BARNETT, LLC**
West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEMETER INTERNATIONAL, LLC,

      Plaintiff,

   - against -

M/V SAFMARINE NGAMI and M/V FRONTIER,
their engines, boilers, tackle, furniture, apparel, etc.,
*in rem*; A.P. MOLLER-MAERSK A/S d/b/a
MAERSK LINE,

      Defendants.
------------------------------------------------------------X

09 CV 8775

2009 Civ.



COMPLAINT

      Plaintiff, DEMETER INTERNATIONAL, LLC, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.     At all material times, DEMETER INTERNATIONAL, LLC (hereinafter "Demeter" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 46 Staple Street, 3rd Floor, Albany, New York 12207 and was the owner, consignee, and/or assured of a consignment of chicken leg quarters laden on board the M/V SAFMARINE NGAMI and the M/V FRONTIER, as more specifically described below.

3.  At all material times, defendant, A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE (hereinafter "Maersk Line"), was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Giralda Farms, Madison Avenue, P.O. Box 880, Madison, New Jersey 07940-0880 and owns, operates, manages and/or charters ships, including the M/V SAFMARINE NGAMI, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V SAFMARINE NGAMI, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

4.  At all material times, the M/V SAFMARINE NGAMI and the M/V FRONTIER were and still are an oceangoing cargo vessels, which engage in the common carriage of merchandise by water for hire between various foreign and domestic ports and which are now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

5.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.  On or about September 22, 2008, a consignment consisting of 17,500 cases of frozen chicken quarters, laden into container numbers MWSU9090039, MWCU6786103, MWCU6141486, MWCU6586912, TRLU1866738, PONU4828196, PONU4908898, PONU4866196, MWCU6992742, MWCU6934704, then being in good order and condition, was delivered to the M/V SAFMARINE NGAMI and the *in personam* defendants and/or their agents at the port of Charleston, South Carolina for transportation to Walvis Bay, Namibia in

consideration of an agreed upon freight, pursuant to Maersk Line bill of lading number MAEU857115741 dated September 22, 2008.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V SAFMARINE NGAMI and the vessel sailed for its intended destination.

8. When the consignment of frozen chicken quarters was booked for transit with Maersk Line, Maersk Line agreed to maintain the temperature of the containers at -18.0° Celsius.

9. At some point during the ocean voyage, the aforementioned cargo of frozen chicken quarters were transshipped to the M/V FRONTIER.

10. Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered damages during transit as a result of exposure to temperatures in excess of -18.0° Celsius.

11. As a result of the damages sustained to the shipment, plaintiff sustained a loss.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

13. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $511,164.02.

**WHEREFORE,** Plaintiff prays:

1. *In rem* service of process be issued against the M/V SAFMARINE NGAMI and the M/V FRONTIER, their engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V SAFMARINE NGAMI and the M/V FRONTIER their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants A.P. MOLLER-MAERSK A/S d/b/a MAERSK LINE, the M/V SAFMARINE NGAMI and the M/V FRONTIER be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs, and;

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 15, 2009
176-38

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: _____
Thomas M. Grasso
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225